Case 1:25-mj-00205-GMH    Document 1-1

Case: 1:25-mj-00205
Assigned To: Judge Harvey, G. Michael
Assign. Date: 9/4/2025
Description: COMPLAINT W/ARREST WARRANT

**STATEMENT OF OFFENSE**

1. On September 3, 2025, at approximately 4:00pm, Witness 1 called 911 to report that a man later identified as James Fredrick Moore (DOB ███████) was unconscious at the intersection of 1st Street and Florida Avenue NW in Washington, D.C. Witness 1 said that Moore appeared to have a gun near his rear waistband or back pocket. Metropolitan Police Department ("MPD") officers were dispatched to the scene.

2. Your affiant, Officer Anthony Allison, was on duty, dressed in full police attire, operating a marked police vehicle, and using the unit call sign TRAF306E when I responded to the call for service. Upon arrival on the scene at approximately 4:05pm, I was met by Witness 1 and Witness 2. Witness 1 and Witness 2 immediately directed me to Moore, who was laying on the sidewalk and appeared unconscious. I asked where the gun was, and Witness 2 pointed toward the back of Moore's waistband. I attempted to retrieve the firearm, but Moore jolted awake and appeared agitated. I, along with MPD Sergeant Anthony Gaton-Garcia, restrained Moore with handcuffs. In the process, I removed a clearly visible handgun from the back of Moore's waistband.

3. After placing Moore in handcuffs, I asked him if he had a license to carry a firearm. He replied that he did not. When I asked Moore for his name, he initially provided a name other than his own. During our interaction, Moore appeared to be under the influence of an unknown substance. He mumbled, seemed to have difficulty hearing and understanding, and drifted in and out of consciousness.

4. D.C. Fire and EMS personnel arrived at the scene. During their evaluation, they learned Moore's real name and birthdate. Using Moore's real name and birthdate, I queried the Metropolitan Police Department's Real Time Crime Center, which confirmed that Moore does not have a license to carry a firearm in the District of Columbia.

5. While conducting a search incident to arrest, MPD Officer Tiffany Brown discovered in Moore's sock a rolled-up piece of paper and two small straws. Inside the paper was a clear plastic baggie that contained a white powdery substance. I later tested a small portion of the white substance using a Marquis Reagent General Screening Test Kit (No. NAR10002), which displayed a brown color indicating that the substance contained amphetamines.

6. Eventually, D.C. Fire and EMS transported Moore to Howard University Hospital for a medical evaluation.

7. Witness 2 told Sergeant Gaton-Garcia that he saw Moore fall over. He said that he and Witness 1 helped Moore sit up, at which point Witness 1 told Witness 2 that she saw a gun against Moore's back.

8. Witness 1 later confirmed Witness 2's account. Witness 1 told me that she and Witness 2 saw Moore fall and hit his head. She and Witness 2 helped sit Moore up against a wall.

In the process, she realized she had touched what appeared to be a gun against Moore's back. Witness 1 said that she told Witness 2 about the gun. Moore then started acting "belligerent," so Witness 1 and Witness 2 called 911 because they feared that Moore might use the gun against them.

9. The Department of Forensic Sciences at the MPD's Third District Station processed the firearm I recovered. The firearm was determined to have the following characteristics:

>Color: Black slide and gray frame
>
>Make: N/A (ghost gun)
>
>Model: Polymer 80
>
>Caliber: 9 millimeter
>
>Serial #: None (ghost gun)
>
>Ammunition: 0 rounds of ammunition in the chamber, and 6 rounds of 9-millimeter caliber ammunition in a 6-round capacity magazine.

10. The firearm appeared to be fully functional, had a barrel length of less than 12 inches, was designed to expel a projectile by action of an explosion, and was designed to be fired using a single hand. As noted above, the firearm is a privately made firearm or "ghost gun." A ghost gun is a firearm that is assembled by a private individual from parts or a kit rather than manufactured by a licensed firearms dealer. A ghost gun lacks a serial number, making it untraceable. Ghost guns cannot be registered in the District of Columbia.

11. There are no firearm or ammunition manufacturers in the District of Columbia. The firearm and ammunition seized from Moore's person thus necessarily traveled in interstate or foreign commerce before it arrived in the District of Columbia.

12. In D.C. Superior Court Case No. 2008 CF2 025039, Moore was convicted of (1) Carrying a Pistol Without a License in violation of D.C. Code § 22-4504; and (2) Being a Felon in Possession of a Firearm in violation of D.C. Code § 22-4503, both of which are crimes punishable by terms of imprisonment of more than a year.

13. Furthermore, the Montgomery County Sheriff's Office has a warrant outstanding for Moore's arrest for committing simple assault.

14. In summary, your affiant submits that probable cause exists to charge James Fredrick Moore with possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Anthony Allison
Officer, Badge #2521
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Federal Rule of Criminal Procedure. 4.1 on September 4, 2025.

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE